IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

FILED by RCS D.C.
AUG 25 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT
S. D. of FLA. – MIAMI

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> COBRA PAVERS & ENGINEERING, INC. and COBRA CONSTRUCTION, INC., <br><br> Defendants. | CIVIL ACTION NO. <br><br> **09-81239** <br><br> COMPLAINT <br><br> JURY TRIAL DEMANDED <br><br> CIV-MARRA <br> MAGISTRATE <br> JOHNSON |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Charging Parties Helen Gallardo, Theresa Rivera, Alison Santoro, and other similarly situated individuals, who were adversely affected by such practices. As alleged with greater specificity below, the Equal Employment Opportunity Commission charges that Defendants Cobra Pavers and Engineering, Inc. and Cobra Construction, Inc. discriminated against Charging Parties and others because of sex.

JURISDICTION AND VENUE

1.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.   Jurisdiction is proper in the United States District Court for the Southern District of Florida, West Palm Beach Division, pursuant to 42 U.S.C. § 2000e-5(f)(3).

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant, Cobra Pavers and Engineering, Inc. ("Cobra Pavers"), has continuously been a Florida corporation doing business in the State of Florida and the City of Delray Beach, and has continuously had at least 15 employees.

5.      At all relevant times, Defendant Cobra Pavers has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

6.      At all relevant times, Defendant, Cobra Construction, Inc. ("Cobra Construction"), has continuously been a Florida corporation doing business in the State of Florida and the City of Delray Beach, and has continuously had at least 15 employees.

7.      At all relevant times, Defendant Cobra Construction has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

8.      More than thirty days prior to the institution of this lawsuit, Gallardo, Santoro and Rivera filed charges with the Commission alleging violations of Title VII by Defendants.

9.      All conditions precedent to the institution of this lawsuit have been fulfilled.

10. Since at least January 2006, Defendants have engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1) as follows:

(a) Charging Parties, and those similarly situated individuals for whom the Commission seeks relief, are females.

(b) Defendants, by and through their managerial agents, subjected Santoro, Gallardo, Rivera and other similarly situated individuals to a sexually hostile work environment, which included, but was not limited to, telling stories of sexual exploits, making derogatory remarks about females, making inappropriate sexual comments, and engaging in unwelcome touching of a sexual nature.

(c) Specific examples of the sexual harassment described in subsection (b), supra, includes Defendants' President, Joseph Spada Sr., threatening to pull out his penis and place it on the table, telling employees to "suck [his] dick," and expressing his opinion that females should be home with their "legs in the air" instead of working in the construction industry. Another manager, Joseph Spada Jr., made sexually graphic remarks to employees, including telling an employee to "get naked" with him, discussing "blow jobs," inquiring about an employee's private sexual relationships, and physically attacking an employee in a sexual manner.

(d) Santoro was employed by Defendants as a Human Resource Manager from February 2006 to February 2008. During the course of her employment, Santoro was subjected to a sexually hostile work environment, including but not limited to some of the conduct described in subsection (b), supra.

(e) Gallardo was employed by Defendants as a dispatcher from January 2006 to February 2008. Gallardo was also subjected to a sexually hostile work environment, including but not limited to some of the conduct descried in subsection (b), supra.

3

Some of the sexual harassment directed to Gallardo included referring to her as "boobs" instead of using her name and remarking that he couldn't keep himself from looking at her breasts.

(f)  Rivera was employed by Defendants as a Sales Associate from January 2008 until she was constructively discharged in July 2008. Rivera was also subjected to a sexually hostile work environment, including but not limited to some of the conduct described in subsection (b), supra. As a result of the sexual harassment, and Defendants' failure to stop the harassment, Rivera was forced to resign, which resignation constitutes a constructive discharge.

(g)  Similarly situated female employees were also subjected to a sexually hostile work environment, including but not limited to the conduct described in subsection (b), supra. Some similarly situated females were also terminated or constructively discharged because of sex and/or because they refused to tolerate the sexually hostile working environment.

(h)  The sexual harassment was perpetrated at the highest levels of Defendants' managerial structure. Further, females complained to Defendants about the sexual harassment, but it did not stop. Defendants were on notice that females were being subjected to sexually harassing conduct but did not stop the harassment and prevent it from continuing.

11.  The effect of the practices complained of in paragraphs (a) through (h) above has been to deprive Charging Parties and those similarly situated of equal employment opportunities and otherwise adversely affect their status as employees because of their sex.

12.  The unlawful employment practices complained of in ¶10 above were intentional.

13.  The unlawful employment practices complained of in ¶10 above were done with malice or with reckless indifference to the federally protected rights of the Charging Parties and other similarly situated individuals.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendants, Defendants' officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in employment practices that discriminate on the basis of sex.

B.  Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees regardless of sex, and which eradicate the effects of its past and present unlawful employment practices.

C.  Order Defendants to make whole Charging Parties, and other similarly situated individuals, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.  Order Defendants to make whole Charging Parties, and other similarly situated individuals, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in ¶10 above, in amounts to be determined at trial.

H.  Order Defendants to make whole Charging Parties, and other similarly situated individuals by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in ¶10 above, in amounts to be determined at trial.

I.  Order Defendants to pay Charging Parties, and other similarly situated individuals, punitive damages for Defendants' malicious and reckless conduct, in amounts to be determined at trial.

J.  Grant such further relief as the Court deems necessary and proper in the public interest.

K.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully Submitted,

JAMES L. LEE
Deputy General Counsel

GWENDOLYN Y. REAMS
Associate General Counsel

Equal Employment Opportunity
Commission
131 M Street, NE
Washington, D.C. 20507-0100

NORA E. CURTIN
Regional Attorney

MARIA KATE BOEHRINGER
Supervisory Trial Attorney

AARRIN GOLSON
Trial Attorney
Florida Bar No. 892491
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Miami District Office
One Biscayne Tower
2 South Biscayne Blvd., Suite 2700
Miami, FL 33131
Tel: (305) 808-1783
Fax: (305) 808-1835
Email: aarrin.golson@eeoc.gov

**JS 44 (Rev. 2/08)**

# CIVIL COVER SHEET

**09-81239**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

FILED by ___ D.C.
AUG 25 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. of FLA. – MIAMI

## I. (a) PLAINTIFFS
U.S. Equal Employment Opportunity Commission

## DEFENDANTS
Cobra Pavers and Engineering, Inc.
Cobra Construction, Inc.

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant Palm Beach
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Aarrin Golson, Equal Employment Opportunity Commision
2 S. Biscayne Blvd., Suite 2700 Miami, FL 33131 Tel.:305-808-1783

Attorneys (If Known)

**CIV-MARRA**

**(d)** Check County Where Action Arose:  ☐ MIAMI-DADE  ☐ MONROE  ☐ BROWARD  ✓ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

✓ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☐ 3  Federal Question (U.S. Government Not a Party)
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | | ☐ 710 Fair Labor Standards Act | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | | ☐ 720 Labor/Mgmt. Relations | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | | **SOCIAL SECURITY** | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | ☐ 871 IRS—Third Party 26 USC 7609 | |

## V. ORIGIN (Place an "X" in One Box Only)

✓ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):

a) Re-filed Case ☐ YES ✓ NO     b) Related Cases ☐ YES ☐ NO

JUDGE _____     DOCKET NUMBER _____

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (**Do not cite jurisdictional statutes unless diversity**):

Title VII Sex (employment discrimination)

LENGTH OF TRIAL via  5-7  days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:  ✓ Yes  ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE 8/24/09

FOR OFFICE USE ONLY
AMOUNT WAIVED  RECEIPT # _____  IFP _____